IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-243-RAW |
| ) | |
| DOLGENCORP, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the court is the motion to dismiss of defendant Werner Enterprises, Inc. ("Werner"). Plaintiff claims a wrongful death as a result of a slip and fall on an alleged negligently maintained parking area located on defendants' premises. The incident took place on May 18, 2012. Plaintiff filed this action in state court on May 19, 2014. The case was removed to this court on June 18, 2014. On September 26, 2014, plaintiff filed a motion for joinder, seeking to add Werner as a party defendant.[1] The motion was granted by minute order on September 29, 2014, and plaintiff filed an amended complaint (adding Werner) on October 14, 2012.

In the present motion, Werner seeks dismissal on the ground that its addition as a party defendant is outside the two-year statute of limitations on negligence under 12 O.S. §95(A)(3). Plaintiff responds that the amended complaint "relates back" to the original state court petition and therefore the joinder is timely.

---

[1] The asserted basis for joinder was that Werner "may be responsible for oversight, maintenance, and/or control of the premises" in question.

Werner devotes some space to the proposition that the joinder motion was incorrectly made under Rule 19 F.R.Cv.P., in view of the Tenth Circuit's statement that Rule 19 does not provide a joinder mechanism for plaintiffs, but is rather the tool of the defendant. *See Shaw v. AAA Engineering & Drafting Inc.,* 138 Fed.Appx.62, 66 (10th Cir.2005). This is not dispositive, inasmuch as the court in *Shaw* immediately went on to say that such a motion by plaintiff could be treated as one pursuant to Rule 21 F.R.Cv.P. In any event, the provisions for joinder of parties under Rules 19 and 21 are not immune from statutes of limitations. *Andrews v. Lakeshore Rehabilitation Hosp.,* 140 F.3d 1405, 1408 (11th Cir.1998)(citing 7 Wright, Miller & Kane, *Federal Practice and Procedure* §1688 ).

In one aspect of his response, plaintiff makes a waiver argument, asserting that Werner had reasonable notice of the motion but failed to object. The court has found no authority holding that a non-party may insert itself into litigation to object to a motion for joinder.[2] If such were the case, moreover, the court would have given Werner the time allotted for motion response under Local Civil Rule 7.1(f), rather than summarily granting the motion three days after filing. The court declines to adopt plaintiff's argument on this point.

In sum, Werner was added as a defendant pursuant to Rule 21, but such joinder does not "trump" the statute of limitations. Therefore, the court must consider "relation back"

---

[2]This is implicit in a treatise's statement that "[n]otice need not be given to those whose joinder is sought, however." 7 Wright, Miller & Kane, *Federal Practice and Procedure*, §1688 at 502 (3d ed.2001).

under Rule 15(c). Plaintiff argues that Rule 15(c)(1)(C) does not apply here, because he did not "change[] the party or the naming of a party against whom a claim is asserted" in the language of the Rule, but instead <u>added</u> a party. (#30 at 4). The court disagrees. *See Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 548 n.3 (2010)("Rule 15(c)(1)(C) . . . is not limited to the circumstance of a plaintiff filing an amended complaint seeking to bring in a new defendant," but that is "the 'typical case'" of the Rule's applicability). Plaintiff argues for the applicability of Rule 15(c)(1)(B), but that provision applies to new claims asserted against original parties to the complaint. *See Allied Dental Group, Ltd. v. State Farm Fire and Cas. Co.,* 2013 WL 5436948, *1 (W.D.Pa.2013).[3] Accordingly, relation back in this case turns on Rule 15(c)(1)(C).

The Rule has three essential requirements: (1) the claim asserted against the newly designated defendant must arise out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading; (2) the newly designated party must have received notice of the action within the relevant service period under federal or state law, such that it will not be prejudiced in defending on the merits; and (3) it must appear that, within the service period, the newly designated defendant either knew of should have known

---

[3] Rule 15(c)(1)(A) requires the court to consider state law and apply it if more permissive than federal law. *See Butler v. National Comm. Renaissance of Calif.,* 766 F.3d 1191, 1200 (9st Cir.2014). Oklahoma law is not "more forgiving" than federal law but rather imposes the same standard. *See Roth v. Mercy Health Cent., Inc.,* 246 P.3d 1079, 1088 (Okla.2011). Therefore, whether Rule 15(c)(1)(A) permits relation back turns on Rule 15(c)(1)(B) or (C) and their state law equivalents.

3

that the action would have been brought against it, but for a mistake concerning the proper party's identity. *Coons v. Indus. Knife Co. Inc.,* 620 F.3d 38, 42 (1st Cir.2010).

The first element is satisfied. Plaintiff seeks to hold Werner liable for the same injury described in the original petition. The second element is more in doubt. It is unclear that plaintiff has shown that Werner had actual or constructive notice of this action within the relevant service period.[4] Plaintiff attaches to this response a "Preservation of Evidence letter" sent to defendant Dolgencorp, LLC on June 26, 2013. The letter states that it should "be forwarded to all entities from/to whom the property is leased, or who are responsible for the maintenance of the property." Plaintiff then argues "[a]ssuming, that DolGen conformed to the requirements of the Notice, then Werner cannot, in good faith, claim that they did not know or did not have reason to know that they were subject to this cause of action." (#30 at 6).

The contrary view (expressed by Werner) is that, as noted, the date of the letter is nearly one year <u>before</u> the lawsuit was filed. Also, as the text of plaintiff's response explicitly states, finding actual or constructive notice to Werner depends upon the <u>assumption</u> that DolgenCorp passed the letter on to Werner, or that Werner otherwise became aware of the lawsuit. This may or may not have taken place. The matter cannot be resolved on the present record. Moreover, the "Preservation of Evidence letter" is a document outside the

---

[4] At one point, Werner states "the issue of Werner's notice is not material to the analysis given Plaintiff's sole reliance upon Rule 19 . . . ." (#31 at 4-5). The court disagrees with this characterization of plaintiff's position and will address the notice issue. *See* Plaintiff's Response (#30) at 7 ("FRCP 15(c)(1)(A) and (B) do apply allowing relation back.")

4

pleadings. Considering such a document requires conversion of this motion into one for summary judgment. *See* Rule 12(d) F.R.Cv.P. After reviewing the third element, the court has concluded the best recourse is simply to deny the present motion.

Regarding the third element, "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski,* 560 U.S. at 541. "The question under Rule 15(c)(1)(C)(ii) is not whether [plaintiff] knew or should have known the identity of [the entity] as the proper defendant, but whether [the entity] knew or should have known that it would have been named as a defendant but for an error." *Id.* at 548. Werner relies on such decisions as *Rendall-Speranza v. Nassim,* 107 F.3d 913, 919 (D.C.Cir.1997)("In the adversarial system of litigation the plaintiff is responsible for determining who is liable for her injury and for doing so before the statute of limitations runs out; if she later discovers another possible defendant, she may not, merely by invoking Rule 15(c), avoid the consequences of her earlier oversight.").

In *Krupski*, however, the Supreme Court resolved a circuit split and held <u>against</u> this view. "The only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's

5

discovering his mistake impaired the new defendant's ability to defend himself." *Joseph v. Elan Motorsports Technologies Racing Corp.,* 638 F.3d 555, 559-60 (7th Cir.2011). "The fact that the plaintiff was careless in failing to discover his mistake is *relevant* to a defendant's claim of prejudice; the longer the delay in amending the complaint was, the likelier the new defendant is to have been placed at a disadvantage in the litigation. But carelessness is no longer a ground independent of prejudice for refusing to allow relation back." *Id.* at 560 (emphasis in original).

Inasmuch as the Supreme Court has placed the focus of inquiry on the new defendant's knowledge, a Rule 12(b)(6) motion may no longer be the proper vehicle for resolution of this issue. The court finds it is not in the case at bar. As the district court stated in *Gonzales v. Brown,* 2014 WL 4748604, *8 (N.D.Okla.2014), "[a]t this time, the Court concludes that the statute of limitations / relation back issues should be determined at the summary judgment stage, upon a relevant evidentiary record, rather than upon speculation as to what notice the Added Defendants had of the action and what they knew or should have known." This court will resolve those issues if and when requested upon a motion for summary judgment after an appropriate discovery period.

It is the order of the court that defendant's motion to dismiss (#27) is hereby denied..

**ORDERED THIS 26th DAY OF JANUARY, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma